COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


LISA WOOLFOLK

                                      MEMORANDUM OPINION*
v.   Record No. 2715-99-4               PER CURIAM
                                         MAY 30, 2000
LOUDOUN COUNTY DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Thomas D. Horne, Judge

          (Dean S. Worcester; Worcester, Mims & Atwill,
          P.C., on brief), for appellant.

          (John R. Roberts, County Attorney; John W.
          White, Assistant County Attorney; Office of
          the Loudoun County Attorney, on brief), for
          appellee.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Lisa Woolfolk appeals the decision of the circuit court terminating her parental rights to her daughter, Jessica Renae DeNeal.  Woolfolk contends that the trial court erred by finding (1) that the Loudoun County Department of Social Services (the Department) presented clear and convincing evidence, as required by Code §§ 16.1-283(B) and 16.1-228, that Jessica had been neglected; and (2) that, as required by Code § 16.1-283(B), termination of parental rights was in the best interests of the child.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family."  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).  "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's

best interests.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463

(citation omitted).  The trial judge's findings, "'when based on

evidence heard ore tenus, will not be disturbed on appeal unless

plainly wrong or without evidence to support it.'"  Id. (citation

omitted).

The trial court found that the Department presented clear

and convincing evidence sufficient to prove the statutory

requirements of Code § 16.1-283(B)(1), (B)(2), and (C)(2).  Code

§ 16.1-283(B) provides that the trial court may terminate the

parental rights of a parent of a child "found by the court to be

neglected or abused and placed in foster care" if the court

finds by clear and convincing evidence that it is in the best

interests of the child and that:

> 1.  The neglect or abuse suffered by such
> child presented a serious and substantial
> threat to his life, health or development;
> and
>
> 2.  It is not reasonably likely that the
> conditions which resulted in such neglect or
> abuse can be substantially corrected or
> eliminated so as to allow the child's safe
> return to his parent . . . within a
> reasonable period of time.  In making this
> determination, the court shall take into
> consideration the efforts made to
> rehabilitate the parent . . . by any public
> or private social, medical, mental health or
> other rehabilitative agencies prior to the
> child's initial placement in foster care.

Subsection (B)(2) provides that the Department proves a prima

facie case of abuse or neglect by showing that the parent has

habitually abused or is addicted to alcohol or narcotics "to the

-

extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment which could have improved the capacity for adequate parental functioning" or that the parent "without good cause, [has] not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child."  Code § 16.1-283(B)(2)(b) and (c).

At the ore tenus hearing, the Department proved that in 1989 when Jessica was born, she tested positive for exposure to cocaine.  Jessica was first placed in the Department's custody in July 1992.  From that date on, Jessica's physical and legal custody changed periodically between mother and the step-grandmother, Inez Woolfolk, except for a brief period when Jessica was in a foster home.  In June 1997, Inez Woolfolk signed an entrustment agreement giving the Department custody of Jessica because Woolfolk could not handle Jessica's behavior problems.  In June 1997, the Department placed Jessica in a foster home where she has remained.

Beginning in 1989, the Department or other agencies provided Woolfolk with at least eight different treatment programs for her drug abuse.  She also received assistance with housing, finances, transportation, employment, daycare, respite

-

care, and home-based parenting.  In 1995, Woolfolk was convicted of grand larceny.  Woolfolk's probation was revoked several times when she tested positive for cocaine.  She was incarcerated at the time of the ore tenus hearing in this case.

Woolfolk contends that the trial court lacked sufficient evidence to prove that Jessica was abused or neglected as required by Code § 16.1-283(B).  However, the record proves that Woolfolk has been repeatedly incarcerated or incapacitated due to drug use.  Throughout Jessica's life, Woolfolk often left Jessica in the custody of Inez Woolfolk.  At other times, Jessica was in the physical custody of the Department.  The fact that others were available to care for Jessica when Woolfolk was not available due to drug abuse and incarceration does not warrant a finding that Woolfolk did not neglect Jessica.  The trial court noted that "here we have almost a total abdication of parental responsibility in favor of satisfying one's own desire to use drugs."  The record supports the trial court's finding that Woolfolk neglected Jessica.

Woolfolk also contends that the Department failed to prove by clear and convincing evidence that termination of her parental rights was in Jessica's best interests.  We disagree. Donna Willett, Jessica's therapist, testified that the child suffered from post-traumatic stress syndrome when therapy began a year and one-half earlier.  Jessica was quiet and depressed and had nightmares and  difficulty in school.  Over time,

-

Willett saw marked improvement attributable to the stability and consistency of Jessica's daily living situation.  Jessica had increased success at school and became more articulate and confident.  She stopped having nightmares and stopped demonstrating other symptoms associated with post-traumatic stress syndrome.  Although the evidence proved that Jessica loved her mother and would need support in dealing with her feelings of loss, the trial court found that the continued cycle of uncertainty and instability which marked her life until then was not in Jessica's best interest.  The Department provided extensive services to Woolfolk to enable her to overcome her drug addiction.  Despite the numerous programs, Woolfolk repeatedly relapsed into drug use.  The record supports the finding of the trial court that the Department presented clear and convincing evidence sufficient to meet the requirements of Code § 16.1-283(B)(1) and (B)(2) and to prove that termination of parental rights is in the child's best interest.

The trial court also found that the Department presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(C)(2).  That section provides, in pertinent part, that the trial court may terminate parental rights if the court finds, by clear and convincing evidence, that termination is in the child's best interests and that

> [t]he parent . . . , without good cause,
> [has] been unwilling or unable within a
> reasonable period of time not to exceed

-

twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2). Woolfolk raised no challenge on appeal to the sufficiency of the evidence supporting the trial court's findings under this section. Our review of the record supports the trial court's finding and holding.

Accordingly, we summarily affirm the circuit court's judgment.

Affirmed.